CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
9/17/2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH EDWARD MOSS, ) | |
|    Petitioner, ) | Civil Action No. 7:24cv226 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| C. N. HARRIS, ) | By:  Robert S. Ballou |
|    Respondent. ) | United States District Judge |

Keith Edward Moss, a Virginia inmate proceeding *pro se*, has filed a "Petition in the Nature of a Writ of Mandamus."  Rule 81(b) of the Federal Rules of Civil Procedure has abolished writs of mandamus in United States District Courts.  Accordingly, the court construed the petition as a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, because the remedy Moss seeks, release from custody, lies in habeas.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  However, upon review of Moss's petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court has determined that Moss has a pending habeas corpus petition in this court, *Moss v. Dotson*, No. 7:24cv00071 (filed Jan. 29, 2024), and thus, I dismiss this petition as successive.

### I.  Background

Moss alleges that on February 13, 2021, the respondent, Officer Harris, used excessive force in a warrantless arrest for "a frivolous unlawful pedestrian offense" and then failed to take him before a magistrate as required by Virginia Code § 19.2-82.  He claims that he has been imprisoned for more than three years without a judicial determination of probable cause for his warrantless arrest.  Further, he alleges that the commitment to jail sheet, signed by a magistrate

judge on February 18, 2021, was clearly forged, as he never appeared before the magistrate. In his first habeas petition, filed January 29, 2024, Moss raises this same issue. *Moss*, Case No. 7:24cv00071, ECF No. 1 ¶ 12(a). Moss also notes that he was convicted on August 4, 2022, of eight counts of assault and battery on a law enforcement officer, two counts of malicious wounding, and one count of obstructing justice. *Id.* at ¶ 5.

Using the Virginia Courts Case Information website, the court determined that Moss appeared in the Lynchburg Circuit Court for jury trial on August 2 through August 4, 2022, on twelve charges of assault and battery on a law enforcement officer, two charges of malicious wounding, one count of obstructing justice, and one count of public intoxication. Four of the assault and battery charges, obstructing justice, and public intoxication were alleged to have occurred on February 13, 2022, and he was arrested for those charges on February 13, 2022. Three of the assault charges, for which he was arrested on February 14, 2022, were alleged to have occurred on February 14, 2022. On February 18, he was arrested for the two malicious wounding charges and four more charges of assault and battery on a law enforcement officer. On February 19, 2022, he was arrested for one more assault and battery of law enforcement officer on February 19, 2022. All charges were tried in a single jury trial. During the trial, the court struck the evidence on one assault and battery of an officer charge. The jury acquitted him of three assaults and of public intoxication, and he was convicted of the remaining offenses. In December 2022, the court sentenced Moss to two years on each of the assault convictions, with one and a half years suspended on each, twelve months for obstructing justice, and ten years with four suspended on each of the malicious wounding charges, for a total sentence of 37 years with 20 years suspended.

The sole issue raised in the petition is that Harris failed to take him before the magistrate after the warrantless arrest. The relief he seeks is release from custody.

## II. DISCUSSION

At the outset, the court was faced with a pleading captioned "Petition in the Nature of a Writ of Mandamus." As previously indicated, federal District Courts no longer consider writs of mandamus. Rule 81(b), FED. R. CIV. P. In an effort to address Moss's concerns, the court looked at the substance of the pleading to determine its nature. The prayer for relief, release from custody, is a proper remedy only in habeas corpus cases, which challenge the legality of one's detention. *Preiser*, 411 U.S. at 484. The proper defendant in a habeas case is the person who has custody of the petitioner, either the Director of the Virginia Department of Corrections, currently Chadwick Dotson, or the Warden of the facility in which a petitioner is detained. Officer Harris is not the proper respondent in a habeas case.

To the extent that Moss wishes to pursue an action against Officer Harris for his actions on February 13, 2021, the proper mechanism would be a civil rights action under 42 U.S.C. § 1983. However, civil rights actions under § 1983 are governed by the statute of limitations in the state where the events happened, in this case, Virginia. *Owens v. Okure*, 488 U.S. 235, 239–40 (1989). The Virginia statute of limitations in personal injury actions, which is the statute applicable to § 1983 claims in Virginia, is two years from the date of the occurrence. Va. Code § 8.01-243(A); *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). Moss' petition was postmarked April 1, 2024, and received in the Clerk's Office for filing on April 3, 2024, more than three years after the events of February 13, 2021. Accordingly, a § 1983 suit against Harris would be time barred, and if the court construed this petition as a § 1983 petition, the court would have dismissed it as untimely.

Based on the nature of relief sought and the potential viability of a habeas corpus petition on the face of this petition, the court construed this as a habeas petition. However, under 28 U.S.C. § 2244(b), a federal court must dismiss a second or subsequent habeas petition unless it meets certain conditions. This rule applies whether the successive petition asserts the same claims raised in the first petition or whether new claims are raised. *Id.* at (b)(1)-(2). Moss's claim has already been raised in his first habeas petition, which is before the court at this time. Therefore, under 28 U.S.C. § 2244(b)(1), this petition must be dismissed.

### III. CONCLUSION

For the reasons stated, it is hereby **ORDERED** that Moss's petition is **DISMISSED**, and this matter is **STRICKEN** from the docket of this court. Further, finding that Moss has failed to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

The Clerk shall send a copy of this Opinion and Order to Mr. Moss.

Enter: September 17, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge